IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| BRIAN D. SMITH,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-83-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On March 28, 2014, Petitioner Brian Smith moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. Smith is a state prisoner proceeding pro se.

Smith's application to proceed in forma pauperis is deficient. He states only that the Montana Supreme Court recently permitted him to proceed in forma pauperis. There is no reason, however, to let the deficiency delay disposition of this action.

Smith states that he is *not* challenging the standard state procedure of charging a criminal offense by Information. He contends that the trial court lost jurisdiction over his case because the same district judge who found probable cause to support the prosecutor's filing of the Information presided at later stages of the proceeding, and that judge could not be impartial because he had found

1

probable cause to proceed in the first place. He argues that he was deprived of due process, a fair trial, and effective assistance of counsel and claims the judge was unfairly biased and the prosecutor committed misconduct. He alleges the Thirteenth Amendment and the Privileges and Immunities Clause of the Fourteenth Amendment were violated. Pet. (Doc. 1), *passim*.

These claims are frivolous. A judge who finds probable cause does not take on an investigatory role and does not become aligned with the prosecution any more than does a judge who finds probable cause to issue a search or arrest warrant. For this reason, prosecution by Information has long been held consistent with the federal guarantee of due process. *Hurtado v. California*, 110 U.S. 516, 538 (1884).

A certificate of appealability is denied because Smith does not make any showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The motion to proceed in forma pauperis (Doc. 2) should be DENIED.

3. The Clerk of Court should be directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Smith may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Smith must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in denial of this action without notice to him.

DATED this 31st day of March, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

3