IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN D. SMITH,<br><br>                Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>                Respondents. | CV 14-83-M-DLC-JCL<br><br>ORDER |

FILED

MAY 19 2014

Clerk, U.S District Court
District Of Montana
Missoula

United States Magistrate Judge Jeremiah C. Lynch issued findings and recommendations denying Petitioner Brian D. Smith's petition for writ of habeas corpus and motion to proceed in forma pauperis on March 31, 2014. Smith timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Lynch's findings and recommendations in full.

In his objections, Smith focuses on the same issue which formed the basis of

his original petition: that the judge in the state district court of his conviction was biased because of his participation at the information-filing stage and at later stages of the proceedings. Smith contends that this "incompatible dual role and the resultant issue of structural defect . . . resulted in a void conviction" and invalid sentence. (Doc. 5 at 4.)

Smith cites *Hurles v. Ryan*, 650 F.3d 1301, 1314-1322 (9th Cir. 2011), *withdrawn and superseded*, 706 F.3d 1021 (9th Cir. 2013), which in turn cites *In re Murchison*, 349 U.S. 133, 137-139, (1955), for the proposition that a judge may not preside at trial and sentencing "where she acts as part of the accusatory process." In *Murchison*, a judge sitting as a one-man "judge-grand jury" pursuant to Michigan state law charged a police officer with contempt and subsequently presided over the officer's trial. 349 U.S. at 133-135. In *Hurles*, a judge filed a responsive pleading, which contained commentary on the strength of the defendant's case, in an action challenging her ruling on a pretrial motion to appoint co-counsel. 706 F.3d at 1027-1028. She then presided over the trial itself, as well as the first of the defendant's two post-conviction relief actions. *Id.* at 1028-1029.

Smith's circumstances are clearly distinguishable from the above cases. The extent of the state district court judge's pretrial participation in Smith's case

was to determine whether there was "probable cause to believe that an offense ha[d] been committed by the defendant." Mont. Code Ann. § 46-11-201(2) (2013). The judge's determination that probable cause existed to issue an arrest warrant in Smith's case is qualitatively different from the judges' involvement in *Hurles* and *Murchison*, and does not constitute participation to the same extent as in those cases. The judge did not initiate an investigation or charge, or file any paper, but merely answered an independent legal question as one step in the arrest process. As Judge Lynch noted, the judge's statutory role in Smith's case, indeed the entire system of prosecution by information, "has long been held consistent with the federal guarantee of due process." (Doc. 4 at 2; citing *Hurtado v. California*, 110 U.S. 516, 538 (1884)).

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 4) are ADOPTED IN FULL. The claims set forth in Smith's Petition (Doc. 1) are DENIED on the merits. Smith's motion to proceed in forma pauperis (Doc. 2) is also DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter, by separate document, a judgment in

3

favor of Respondents and against Petitioner.

DATED this 19th day of May, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court