IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRIAN D. SMITH,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; TIM FOX,<br><br>Respondents. | Cause No. CV 14-83-M-DLC<br><br>ORDER DENYING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Petitioner Smith's motion under Federal Rule of Civil Procedure 60(b)(6). Smith seeks relief from the judgment denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. Judgment was entered in this Court on May 19, 2014 (Doc. 8).

Rule 60(b) "has an unquestionably valid role to play in habeas cases." *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). Smith alleges the adjudication of his petition was marred by a "defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, not because the decision was wrong but because the Court should not have reached the merits at all.

Smith's filing of his motion six and a half years after entry of judgment, *see* Fed. R. Civ. P. 60(c)(1), and the fact that he could have raised his current argument on appeal in 2014, *see, e.g.*, *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667–68

1

(7th Cir. 2014), are sufficient reasons by themselves to deny his motion. But, for the sake of argument, the Court will also address his motion on its merits.

Smith was convicted in 2012 of aggravated assault in Montana's Fourth Judicial District Court, Missoula County. His conviction became final when his time to appeal expired in July 2012. *See* Order at 3 ¶ 6, *Smith v. State*, No. DA 17-0146 (Mont. May 8, 2018).[1] In June 2013, Smith filed an unsuccessful petition to the Montana Supreme Court to grant an out-of-time appeal. *See* Order, *State v. Smith*, No. DA 13-0399 (Mont. July 10, 2013). A few months before that, on April 24, 2013, Smith unsuccessfully challenged the validity of his guilty plea by filing a petition for writ of habeas corpus in the Montana Supreme Court. The court found the claim lacked merit and also invoked the procedural bar of Montana Code Annotated § 46-22-101. *See* Order, *Smith v. Frink*, No. OP 13-0278 (Mont. June 4, 2013).

Smith filed his federal habeas petition on March 28, 2014. He argued that the judge who presided over the trial and sentencing phases of his case in state court should have been disqualified because, at the outset of the state proceeding, the same judge found the State had shown probable cause to support the filing of

---

[1] Decisions of the Montana Supreme Court are available at https://courts.mt.gov/clerk (accessed Nov. 13, 2020). A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *see Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).

2

an Information. *See* Pet. (Doc. 1) at 2–14.[2] Smith also made derivative claims of ineffective assistance of counsel and prosecutorial misconduct, based on both attorneys' failure to recognize that the judge should have been disqualified. *See id.* at 5, 14–15 (ineffective assistance); *id.* at 15 (prosecutorial misconduct).

Smith did not allege error in any other respect. The entire federal petition rested on his theory that a judge who finds probable cause to support an Information must not preside over the trial and sentencing phases of the same case.

This Court saw no need to discuss the matter in great detail. "[T]he judge's statutory role in Smith's case, indeed the entire system of prosecution by information, has long been held consistent with the federal guarantee of due process.'" Order (Doc. 7) at 3 (internal quotation marks omitted); *Hurtado v. California*, 110 U.S. 516, 538 (1884). The Court denied the petition for lack of merit and denied a certificate of appealability because Smith did not make a substantial showing that he was deprived of a constitutional right. *See* Order at 3; Findings and Recommendation (Doc. 4) at 2. As noted, Smith did not appeal.

Smith now contends the Court erred by addressing his federal petition on the merits rather than requiring him to exhaust his claim of ineffective assistance of counsel in the state courts. *See* Mot. (Doc. 9) at 1 ("Smith is challenging the way

---

[2] This was the argument Smith made in his habeas petition to the Montana Supreme Court. *See* State Habeas Pet. at 1–5, *Smith*, No. OP 13-0278 (Mont. filed Apr. 24, 2013).

[t]his Court disposed of the . . . case"); Br. in Supp. (Doc. 10) at 2. He also explains at length his attempts to pursue relief on other claims in state court. *See* Br. in Supp. (Doc. 10) at 2–6. He asserts that grounds for additional ineffective assistance or other claims were hidden from him, or the means of vindicating them were withheld from him, by various means and persons involved in the state court proceedings. This, he contends, amounts to "extraordinary circumstances" supporting relief under Rule 60(b)(6). He further contends the Court would have realized he had these potential claims, or possibly that he would have realized he had them, if only the Court had not reached the merits of his federal petition but instead required him to exhaust the thoroughly meritless claim of ineffective assistance of counsel in his federal petition. *See* Br. in Supp. at 9–11.

The only claim of ineffective assistance in Smith's federal petition derived from his theory of judicial bias, so there was no need to "see if Smith's IATC had been exhausted in the state courts." Br. in Supp. at 9. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). And even if the Court had "looked" and had "found out that Smith had attempted to [raise other claims] without the assistance of counsel" in state court, no law supports the proposition that *unexhausted or defaulted* claims Smith *did not make* in his federal petition could have supported a stay or dismissal for failure to

4

exhaust. *See, e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231–32 (2004).

Had there been any conceivable merit in one or more of Smith's claims when he filed them in this Court in 2014, the Court would have either stayed the federal petition or dismissed it to allow him to exhaust his remedies in state court. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). But sending Smith back to state court to pursue an ineffective assistance claim predicated on a patently meritless claim of judicial bias would have disserved the Court's obligation of comity to the state courts. As the judicial bias claim plainly lacked merit—and the Montana Supreme Court had already said so, *see* Order at 3, *Smith*, No. OP 13-0278 (Mont. June 4, 2013)—defense counsel could not have been ineffective in failing to raise it.

Smith may be correct that he has other ineffective-assistance claims "that have never been addressed properly." Br. in Supp. at 6. He appears to have pursued an idiosyncratic procedural route that inevitably led to procedural or time bars in state court. But, be that as it may, he properly presented a federal habeas petition in 2014, and the Court properly ruled on it. Relief is not warranted under Rule 60.

A certificate of appealability, *see* 28 U.S.C. § 2253(c)(1)(A); *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015); *Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir. 1998), is not warranted. First, any procedural error in addressing

the petition's merits could have been raised on appeal to the Ninth Circuit in 2014. This is not the stuff of a fundamental defect in the integrity of the proceeding. Second, the Rule 60 motion comes nearly six and a half years after entry of the judgment Smith seeks to set aside. And, finally, the Court did not err by addressing the merits of the petition Smith placed before it in 2014. Reasonable jurists would find no law supporting a different ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability is denied.

Accordingly, IT IS ORDERED:

1. Smith's motion under Federal Rule of Civil Procedure 60(b) (Doc. 9) is DENIED.

2. A certificate of appealability is DENIED. The clerk should immediately process the appeal if Smith files a notice of appeal.

DATED this 13th day of November, 2020.

_____
Dana L. Christensen, District Judge
United States District Court